DYE *v.* STATE.

Opinion delivered June 11, 1928.

*Virgil D. Willis*, for appellant.

*H. W. Applegate*, Attorney General, and *Darden Moose*, Assistant, for appellee.

HUMPHREYS, J.   Appellant was indicted, jointly with others, at the September term, 1926, of the Cleburne County Circuit Court, in an indictment containing two counts, one for possessing a still and one for making mash.   At the February term, 1927, he was tried and convicted on both counts, and adjudged to serve a term of one year in the State Penitentiary on each count, from which is this appeal.

His first assignment of error for a reversal of the judgments is that the verdicts upon which same were based were contrary to the evidence.   The testimony introduced by the State was, in substance, to the effect that, in the Wolf Bayou community, several miles from the town of Drasco, it was impossible to conduct Sunday-school and church without disturbances, due to the illicit manufacture and sale of whiskey; that this condition induced certain citizens to search the neighborhood for stills, and that, in making the search, they found two stills running in the neighborhood, one back of Paul Elms' and one back of W. A. Tatum's field, who were jointly indicted with appellant; that large quantities of mash and whiskey were found at each still; that, as they approached the last still, they recognized appellant and two of his associates, who immediately ran away; that some of them remained at the still while others went to notify the sheriff to come to the scene; that, while waiting at the still for the sheriff to come, appellant and five companions, jointly indicted with him, returned, cursed them and told them that what was in the woods belonged to them; that thereupon they withdrew some 200 yards, and were followed by appellant, who had a gun.

Appellant interposed an alibi as a defense, and introduced six witnesses, who testified that he was at Drasco, working upon his car, at the time the citizens

made the search for illicit stills. Appellant argues that he established an alibi by six witnesses, which necessarily destroys the integrity of the theory of the State that he was present at the still when discovered by the searching party. The conflicting testimony made an issue for the jury. The credibility of the witnesses and the weight to be attached to their testimony was purely a question for determination by the jury. The verdict indicates that the jury believed the witnesses introduced by the State and disbelieved those introduced by appellant to establish an alibi, and, as there is sufficient substantial evidence in the testimony introduced by the State to sustain the finding of the jury, the verdict will not be disturbed by this court on appeal.

The second assignment of error for a reversal of the judgments is the admission of testimony to the effect that the community could not have Sunday school and church without disturbances. This testimony, as we understand the record, was detailed by the several witnesses in explanation of their action in making the investigation for illicit stills in the community, and was merely a preliminary statement as to the cause of their search, and did not in any way prejudice the rights of appellant. The explanation was admissible for that purpose.

The next and last assignment of error for a reversal of the judgments is that the court erred in refusing to give appellant's requested instructions numbered 4, 5 and 6. Appellant's requested instruction number 4 is as follows:

"You are instructed that, if you believe there were stills being operated in the section and about which the witnesses have testified, it is no evidence against this defendant, unless he was aiding, assisting, abetting in the operation of same, or aiding, assisting or abetting in the making of mash, as charged in the indictment."

This instruction was fully covered by appellant's requested instruction number 2, which the court gave. The court is not required to multiply instructions covering the same point.

Appellant's requested instruction number 5 is as follows:

"You are instructed that the burden is on the State of Arkansas to convince you, beyond a reasonable doubt, that the defendant is guilty as charged in the indictment, and if you find that there are two lines of evidence equally strong, one leading to conviction and the other to acquittal, then, under the law, you must adopt the one favorable to the defendant."

The jury was told in other instructions to acquit appellant unless convinced of his guilt beyond reasonable doubt. It was unnecessary therefore to give appellant's requested instruction number 5. *Martin* v. *State,* 163 Ark. 103, 259 S. W. 6, 33 A. L. R. 133.

Requested instruction number 6 related to the character of circumstantial evidence necessary to convict one charged with crime. This instruction was not appropriate, because the State did not rely upon circumstantial evidence alone for conviction. The testimony relied upon by the State for a conviction was positive and direct to the effect that appellant was one of the men who was discovered at the still and ran away, and who later returned and claimed to be the owner of the still, mash and whiskey.

No error appearing, the judgments are affirmed.